GILPIN *v.* DALY *et al.*

*(Supreme Court, General Term, First Department.. December 29, 1890.)*

1. DEPOSITION—INTERROGATORIES—MATERIALITY.
   On the settlement of interrogatories to witnesses under a commission to take testimony, interrogatories clearly immaterial to any possible issue on the trial may be excluded.

2. WITNESS—CREDIBILITY—IMPEACHMENT—CRIMES—INTIMIDATION.
   While interrogatories may be allowed for the purpose of showing, to impeach a witness, a plan by which his crimes are to be used to compel him to testify in a certain manner, and an arrangement that, in case he so testifies, he shall not be prosecuted for such crimes, interrogatories directed to establishing his unreliability as a witness because of specific offenses are not competent.

3. DEPOSITIONS—INTERROGATORIES—HEARSAY.
   Interrogatories calling upon the witness to speak from his knowledge and. information are incompetent, so far as they call for information.

Appeal from special term, New York county.

Action by Charles Gilpin, Jr., against John Daly and others. Defendant Daly appeals from an order disallowing certain interrogatories to witnesses under a commission to take testimony. For motion to strike out part of complaint, see 11 N. Y. Supp. 6.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*John Graham,* for appellant. *Strong & Cadwalader,* (*J. L. Cadwalader,* of counsel,) for respondent.

VAN BRUNT, P. J. This action is brought by the plaintiff, as assignee of the Glamorgan Iron Company, an incorporation organized and having its place of business in the state of Pennsylvania, to recover money alleged to have been embezzled by one Charles B. Wigton, the treasurer of the company, and lost by him at the gambling houses or rooms of the defendants, at play. The defendant, in his answer, denied each and every allegation of the com-

plaint, and set up as affirmative defenses that no equitable relief was necessary to the plaintiff, and that the action was not commenced, and is not carried on, for the benefit of the Glamorgan Iron Company, or for the plaintiff, as its assignee, but for the benefit of Charles B. Wigton and parties who have espoused his cause, who became and are interested in him to screen him from the consequences of various crimes, forgeries, or the like, under some agreement or compromise with the persons who have suffered from these crimes, and so avert from him criminal punishment. The defendant Daly made a motion for a commission to take the testimony of various persons resident in the state of Pennsylvania, which motion was granted. Thereupon direct interrogatories were proposed, one set to be administered to R. B. Wigton, the father of the said Charles B. Wigton, and another set to be administered to other witnesses. To the greater part of these interrogatories, upon their settlement, the plaintiffs objected, and they were excluded; and from the order excluding the interrogatories this appeal is taken.

It is urged that the action of the justice in disallowing the interrogatories is in conflict with the order of the justice allowing the commission. This objection is not well taken. There are certain subjects upon which these witnesses may be interrogated, and there are certain interrogatories which have been allowed. The mere fact of allowing a commission to issue does not authorize the propounding of interrogatories which are clearly immaterial to any possible issue which can arise during the progress of the trial. Neither is it any objection to the order made that the question as to the relevancy or materiality of the testimony might be reserved until the trial, because, although such is the fact, clearly improper interrogatories should never be allowed to be propounded. It is urged upon the part of the appellant that, as Charles B. Wigton will be the only witness against the defendants, they have a right to impeach him, and to show "from the whole of his making up and getting up he is not to be believed under oath; that he is vicious in himself, (so by nature;) and that he is made more vicious by these stockholders," (referring to the witnesses who are to be examined.) It is clear that if Charles B. Wigton is to be impeached as a witness by the defendants it cannot be by evidence of this character. The only method by which a witness can be impeached is by general testimony as to his character, or by direct evidence showing his testimony to be untrue. Proof of the fact that he has been guilty of crimes which ought to have been sufficient to make him an inmate of a state-prison cannot be gone into for the purpose of testing the credibility of a witness. It, of course, would be competent to show in impeachment of Wigton's testimony a plan or agreement by which his crimes were to be held *in terrorem* over his head, so that he might be compelled to testify in a certain manner, and that it had been arranged that in case he so testified he should not be punished for his misdeeds. Such a combination would be a conspiracy against the defendant, which he undoubtedly would have a right to prove. But the difficulty with the interrogatories which have been propounded is that few of them tend to support any such proposition. They seem mainly to be directed to the establishment of the utter unreliability of Charles B. Wigton as a witness, because of specific offenses committed by him. The interrogatories tending to show such a conspiracy have not been objected to, and consequently are allowed. There is one interrogatory, however, a portion of which does not seem to fall within any of these categories, and which has been excluded, and which, we think, the defendant had a right to put; and that is the thirteenth interrogatory, in regard to the authority of Charles B. Wigton as treasurer of the company. This was objected to as calling for the conclusion of the witness as matter of law and as calling for hearsay evidence and as incompetent. So far as it asked the witness for his knowledge of the subjects embraced within the interrogatory it was competent. The interrogatory ends with the words, "Speak from your knowl-

edge and information." So far as it called for information it was clearly incompetent. The same interrogatory was propounded to the other witnesses, and is the seventh interrogatory. To this the same remarks apply. It is to be observed that most of the interrogatories call upon the witness to speak from his knowledge, information, and belief, which is clearly objectionable, and renders their exclusion absolutely necessary. Upon the whole we see no reason for disturbing the order appealed from except as to the thirteenth interrogatory, administered to Wigton, and the seventh, administered to the other witnesses, in case the words "and information" are stricken therefrom, in which case those interrogatories should be allowed. The order, as so modified, should be affirmed, without costs.

BRADY, J., concurs.

DANIELS, J. I concur with this qualification, that if Charles B. Wigton shall be examined as a witness upon the trial or by commission the defendant's counsel will also be at liberty to impeach or discredit him by his own cross-examination, and for that object may interrogate him as to any facts or misconduct on his part which would be attended wholly or partially with that result.